UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MICHAEL LOZANO AND | § | |
| JOSAPHAT LOZANO | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | C.A. NO. 1:23-cv-00127 |
| v. | § | |
| | § | ADMIRALTY |
| WILLIAMSON BOAT WORKS, LLC | § | |
| | § | |
| *Defendant*. | § | |

## DEFENDANT WILLIAMSON BOAT WORKS, LLC'S NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1333 and 1441(a), Defendant Williamson Boat Works, LLC ("Williamson Boat Works") hereby gives notice that the above-captioned action pending in the 404th Judicial District of Cameron County, Texas is hereby removed to the United States District Court for the Southern District of Texas – Brownsville Division. In support of removal, Williamson Boat Works states the following:

## STATE COURT ACTION

1.      On or about July 19, 2023, Plaintiffs Michael Lozano and Josephat Lozano ("Plaintiffs") filed their Original Petition against Williamson Boat Works in the 404th Judicial District of Cameron County, Texas styled *Michael Lozano and Josephat Lozano b. Williamson Boat Works, LLC* (the "State Court Action").[1]

2.      Plaintiffs' State Court Action asserts that the claims arise from an alleged

---

[1] See Exhibit A-2, Plaintiffs' Original Petition.

66422.47231727

wake event that they claim occurred on the inland navigable waters on the Port Isable, Texas, boat channel on or about July 30, 2021.[2] Plaintiffs allege that they were working on the "Little Vito" shrimp fishing vessel in the course and scope of their employment as commercial fishermen with Don Vito Bait. Plaintiffs further alleged that Williamson Boat Work's boat, the "Dakota," passed the Little Vito, and in doing so, created a wake that caused the Plaintiffs to suffer injuries of which they now complain.[3]

3.    On August 1, 2023, Plaintiffs served Williamson Boat Works with citation and their Original Petition in the State Court Action.[4]

4.    On August 21, 2023, Williamson Boat Works filed its Motion to Transfer Venue and Original Answer.[5]

5.    On August 21, 2023, Plaintiffs filed "Plaintiffs First Amended Petition," which was amended to plead venue facts to assert that venue was proper in Cameron County, Texas. Plaintiffs First Amended Petition also struck all reference to any Jones Act Claim.[6] Plaintiffs First Amended Petition replaces and supersedes their Original Petition.[7]

6.    In the State Court Action, Plaintiffs allege negligence under general maritime law.

## JURISDICTIONAL BASIS FOR

---

[2] *See Exhibit A-3*, Plaintiffs' First Amended Petition, Section 9
[3] *Id*. at Section 10
[4] *See Exhibit A-1,* Citation*; and Exhibit A-2*, Plaintiffs' Original Petition
[5] *See Exhibit A-4*, Williamson Boat Works Motion to Transfer Venue and Original Answer
[6] *See Exhibits A-2 and A-3*, Plaintiffs' Original Petition and Plaintiffs' First Amended Petition, Sections 6-8
[7] TEX. R. CIV. P. 65; FED. R. CIV. P. 15(a); *Wilson v. First Houston Inv. Corp.*, 566 F.2d 1235, 1237–38 (5th Cir. 1978), *vacated on other grounds* interpreting Fed R. Civ. P. 15(a) "As a general rule an amended complaint supersedes and replaces the original complaint, unless the amendment specifically refers to or adopts the earlier pleading."

## REMOVAL

**Plaintiff's General Maritime Claims Are Removable**

7.　　"A party seeking to invoke federal admiralty jurisdiction pursuant to 28 U.S.C. § 1331(1) over a tort claim must satisfy conditions both of location and of connection with maritime activity. *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 534 (1995). "A court applying the location test must determine whether the tort occurred on navigable water or whether injury suffered on land was caused by a vessel on navigable water." *Id.* "The connection test raises two issues. A court, first, must assess the general features of the type of incident involved to determine whether the incident has a potentially disruptive impact on maritime commerce." *Id. internal quotations omitted*. "Second, a court must determine whether the general character of the activity giving rise to the incident shows a 'substantial relationship to traditional maritime activity." *Id. internal quotations omitted.* Here, all conditions for federal admiralty and maritime jurisdiction are met.

8.　　Plaintiffs' claims against Williamson Boat Works arise out of an alleged wake incident involving the M/V DAKOTA that Plaintiffs claim occurred while working on the Little Vito shrimp vessel on the inland waters of the Port Isabel boat channel in Cameron County, Texas. Because Plaintiffs' claims arise from an event that allegedly occurred on navigable waters while the Plaintiffs were engaged in a traditional maritime activity, with a potentially disruptive impact on maritime commerce, Plaintiffs' claims arise

under general admiralty and maritime jurisdiction and are subject to federal jurisdiction.[8] Accordingly, this Notice of Removal is filed on the basis of jurisdiction conferred by 28 U.S.C. §§ 1333 and 1441(a). A federal court's authority to hear cases in admiralty flows initially from the Constitution, which "extend[s]" federal judicial power "to all cases of admiralty and maritime jurisdiction." U.S. Const., Art. III, § 2; *see also Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 531 (1995). "Congress has embodied that power in a statute giving federal district courts in a statute giving federal district courts 'original jurisdiction . . . of . . . [a]ny civil case of admiralty or maritime jurisdiction . . . .'" 28 U.S.C. § 1331(1); *see also Grubart*, 513 U.S. at 53.

9.      Before January 2012, courts interpreted 28 U.S.C. § 1441(a) to mean that a claim within the admiralty jurisdiction could be removed only when there was a separate basis for federal jurisdiction. In December of 2011, Congress amended 28 U.S.C. § 1441 as part of the Federal Courts Jurisdiction and Venue Clarification Act of 2011, H.R. 394, P.L. 112-63. The 2011 amendment removed the language in Section 1441(b) that had been interpreted as barring removal of federal maritime cases. *See Ryan v. Hercules Offshore, Inc.*, 945 F.Supp.2d 772, 777–78 (S.D. Tex. - Houston 2013). Ultimately, the Court in *Ryan v. Hercules* held that admiralty-only cases can now be removed to federal court, noting that a federal district court has original jurisdiction over maritime claims and the amendments to 28 U.S.C. § 1441 allow for removal. *Id*. at 778-779. The Court in *Ryan* further noted that the saving to suitors clause no longer barred removal. *Id*.; *see*

---

[8] *See Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 534 (1995); *see also Sperry Rand Corp. v. Radio Corp. of America*, 618 F.2d 319 (5th Cir. App. 1980).

*also, e.g. Carrigan v. M/V AMC AMBASSADOR*, No. 13–3208, 2014 WL 358353 (S.D. Tex. - Houston Jan. 31, 2014) (following *Ryan*); *Wells v. Abe's Boat Rentals, Inc.*, 2013 WL 3110322 (S.D. Tex. - Houston June 18, 2013) (following Ryan); *Murphy v. Seadrill Americas, Inc.* 2014 WL 12642104 (S.D. Tex. – Houston Nov. 14, 2014) (following *Ryan*).

10.    The Fifth Circuit has yet to speak directly on the issue of whether a case may be removed only on general maritime jurisdiction, noting that the issue is still unsettled.  *See Sangha v. Navig8 Shipmanagement Priv. Ltd.*, 882 F.3d 96, 100 (5th Cir. 2018). Absent direct Fifth Circuit guidance on the matter, the matter is left to the District Court to decide. Prior district court's decisions, including *Ryan supra*, indicate that, in light of the December 2011 Amendment to 20 U.S.C § 1441, removal is appropriate on the basis of general maritime jurisdiction alone.[9]

11.    28 U.S.C § 1441(a) currently states:  "Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." As discussed above, some Fifth Circuit District Courts have concluded that "[t]he new statute does not contain any ambiguous language."[10] Under the amendment, as under the prior version, federal district courts may exercise removal jurisdiction over cases for which they have original jurisdiction unless an

---

[9] See *Ryan v. Hercules Offshore, Inc.*, 945 F.Supp.2d 772, 777–78 (S.D. Tex. - Houston 2013), supra, *et. seq.*
[10] *Ryan v. Hercules Offshore, Inc.*, 945 F.Supp.2d 772, 777 (S.D. Tex. - Houston 2013)

act of Congress prohibits that exercise of jurisdiction.[11] <u>Section 1441(b)</u>, however, is no longer an "Act of Congress" prohibiting that exercise in admiralty cases involving non-diverse parties.[12] Instead, Congress expects courts to look to the new version of <u>Section 1441(b)</u> only when ascertaining removability of cases removed on the basis of diversity—hence the new title of the section, "Removal based on diversity of citizenship." *Wells v. Abe's Boat Rentals, Inc., supra, at 3.* Accordingly, the instant case is removable because Plaintiffs assert general maritime law claims, which are claims within the original jurisdiction of this Court. *28 USC § 1441.*

12.    Pursuant to 28 U.S.C. §§ 1333 and 1441(a), and without prejudice to any defense Williamson Boat Works may have to Plaintiffs' action, jurisdictional or otherwise, Williamson Boat Works removes this action from the 404th Judicial District, Cameron County, Texas to the United States District Court for the Southern District of Texas – Brownsville Division.

## <u>VENUE IS PROPER IN THIS COURT</u>

13.    The United States District Court for the Southern District of Texas – Brownsville Division embraces Cameron County, Texas, the county in which the State Court Action was filed.  Accordingly, this case is properly removed to this Court under 28 U.S.C. § 1446(a).

## <u>REMOVAL IS TIMELY</u>

14.    Plaintiffs served Williamson Boat Works with their Original Petition on

---

[11] *Id.*
[12] *Id.*

August 1, 2023. 28 USC §1446(b)(1) establishes that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." Accordingly, pursuant to 28 U.S.C. 1446(b)(1) removal is timely, as it is filed within thirty (30) days of service.

## OTHER MATTERS

15.    Written notice of the filing of this Notice of Removal will be given to all adverse parties, as required by the provisions of 28 U.S.C. § 1446(d).

16.    A true and correct copy of this Notice of Removal will be filed with the District Clerk for the 404th District Court of Cameron County, Texas, as required by the provisions of 28 U.S.C. § 1446(d). Williamson Boat Works is providing the 404th District Court of Cameron County, Texas with written notice of this removal.

17.    Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81, copies of all process, pleadings, and orders signed by the state judge (if any), a copy of the docket sheet, a complete list of all counsel of record, together with an index of such documents are attached hereto collectively as **Exhibit A**.

18.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiffs' counsel and a copy is being filed with the Clerk for the 404th District Court of Cameron County, Texas.

WHEREFORE, Williamson Boat Works hereby removes this action to the United States District Court for the Southern District of Texas – Brownsville Division.

*/s/ Ronald W. Dennis*
Ronald W. Dennis attorney-in-charge
Federal Bar No. 33889
State Bar No. 24036469
Email: ronald.dennis@roystonlaw.com
Benjamin E. Buford
Federal Bar No. 3839158
State Bar No. 24128928
Email: benjamin.buford@roystonlaw.com
802 N. Carancahua, Suite 1300
Corpus Christi, Texas 78401-0021
(361) 884-8808
(361) 884-7261 (Fax)
**ATTORNEYS FOR DEFENDANT
WILLIAMSON BOAT WORKS, LLC**

**OF COUNSEL:**

**ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was served to counsel of record named below, in accordance with the Texas Rules of Civil Procedure, on this 31st day of August, 2023.

**VIA E-SERVE:**
Richard A. Hinojosa
State Bar No. 24068885
Charles M. Stam
State bar No.  24106462
Hinojosa Law PLLC
3904 Brandt Street
Houston Texas 77006
Telephone: 713-884-1663
Email: richardhinojosa@hinojosalaw.com
Email: cstam@hinojosalaw.com
Email: e-service@hinojosalaw.com

*/s/ Ronald W. Dennis*
**OF ROYSTON, RAYZOR, VICKERY & WILLIAMS L.L.P.**

66422.47231727